UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
MAY 19 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

WENDELL BARRETT,

    Plaintiff,

v.                                   ACTION NO. 2:10cv546

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Wendell Barrett ("Barrett"), brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") finding that Barrett was not without fault in receiving and accepting overpayment of Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act") and that the recovery of the overpayment was not waived.

This action was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), by order of reference filed April 5, 2011. For the reasons expressed herein, the Court RECOMMENDS that the Commissioner's decision be VACATED and the case be REMANDED to allow the administrative law judge to reevaluate whether Barrett satisfies the criteria of 20 C.F.R. § 404.506.

## I. PROCEDURAL BACKGROUND

On January 24, 1997, Barrett became entitled to DIB based on the decision of an Administrative Law Judge ("ALJ"). (R.[1] at 15.) Barrett received a Notice of Change in Benefits on July 19, 1998, which informed him that the records of the Social Security Administration showed he was receiving worker's compensation of $356.08 per month and that he would be responsible for reporting any changes in the amount of compensation he received to Social Security. Id. In 2001, a Social Security review revealed that Barrett's worker's compensation benefits had changed. Id. Barrett had not reported the change to Social Security, rather, the change was discovered by direct contact with the Department of Labor. Id. In 2002, Social Security verified Barrett's estimates and granted him additional benefits. Id. In 2006, another recomputation resulted in the overpayment at issue in the instant case. Id.

On September 3, 2006, Barrett was notified that he had received an overpayment of $9,997.00 because increases in his worker's compensation payment caused a reduction in his DIB benefits. (R. at 14.) Barrett requested relief from recovery of this overpayment on September 7, 2006. Id. Barrett attended a personal conference on April 25, 2007, that resulted in the denial of his requested waiver. Id. Barrett appeared for a hearing on the

---

[1] "R." refers to the transcript of the administrative record of proceedings relating to this case.

issue of his waiver request before an ALJ on September 6, 2007, but the hearing was continued to give him additional time to secure an attorney. (R. at 128.) A second hearing was continued due to scheduling errors on November 6, 2007. (R. at 134.)

Barrett's request for a waiver was heard in a proceeding before an ALJ on January 9, 2008, in Norfolk, Virginia. (R. at 139.) Barrett testified at his hearing, (R. at 142-154.), and was represented by his attorney, Charlene Morring. (R. at 140). On March 26, 2008, the ALJ issued a decision finding that Barrett was not without fault in causing or accepting the overpayment and was not entitled to waiver of recovery. (R. at 16.)

On April 14, 2008, Barrett requested review of the ALJ's decision by the Appeals Council of the Office of Hearings and Appeals ("Appeals Council"). (R. at 9.) The Appeals Council denied Barrett's request for review on September 9, 2010, stating that it found no reason to review the ALJ's decision. (R. at 3-5.) This makes the ALJ's decision the "final decision" of the Commissioner subject to judicial review here, pursuant to 42 U.S.C. § 405(g). See 20 C.F.R. §§ 404.981, 416.1481.

Barrett brought the instant action seeking judicial review of the decision of the Commissioner denying his request for waiver of repayment. Barrett filed the instant complaint on November 3, 2010, which Defendant answered on January 10, 2011. (ECF Nos. 1, 6.) Barrett filed a motion for summary judgment with a memorandum in

support on February 14, 2011. (ECF No. 10.) Defendant filed a motion for summary judgment with a memorandum in support on March 11, 2011. (ECF No. 12.) Barrett filed a response brief on April 5, 2011. (ECF No. 15.) Neither party has indicated special circumstances requiring oral argument in this matter; therefore, the case is deemed submitted for decision based on the memoranda.

## II. **FACTUAL BACKGROUND**

Barrett has been receiving DIB benefits since 1997. (R. at 26.) Barrett completed twelfth grade, and he lives alone. (R. at 141.) Barrett is disabled due to right and left shoulder pain, for which he takes several pain medications. Id. Barrett also receives workers' compensation benefits which affect the computation of his DIB benefits. (R. at 29-31.)

The ALJ found that Barrett was aware of his responsibilities as a beneficiary, including the necessity of informing Social Security of any changes in his workers' compensation payments. (R. at 15.) The ALJ found that Barrett had reason to expect that any increase in his workers' compensation benefits would result in a decrease of his DIB. Id. The ALJ found that Barrett had not produced evidence that he had reported changes in his workers' compensation to Social Security or returned DIB payments he could have assumed were incorrect. Id. The ALJ found that Barrett was not physically or mentally unable to understand his responsibilities or manage his benefits. Id. The ALJ found that Barrett did not submit

4

the written notices of workers' compensation payments from the Department of Labor to Social Security. Id. The ALJ found that Barrett failed to report information that he knew or should have known would have prevented the overpayment. (R. at 16.) The ALJ concluded that Barrett cannot be found "without fault" in causing or accepting the overpayment. Id.

### III. STANDARD FOR SUMMARY JUDGMENT

The Court shall grant summary judgment if, viewing the record as a whole, "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Facts are deemed material if they might affect the outcome of the case. Celotex Corp, 477 U.S. at 322-27. In other words, the moving party's submission must foreclose the possibility of the existence of facts from which it would be open to a jury to make inferences favorable to the non-movant. Id.

In deciding a summary judgment motion, the Court must "view[] the record as a whole in the light most favorable to the non-movant." Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985). If "the evidence . . . is so

5

one-sided that one party must prevail as a matter of law," the Court should grant summary judgment in that party's favor. Anderson, 477 U.S. at 251-52. Moreover, summary judgment must be granted where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," Celotex, 477 U.S. at 322.

When confronted with cross-motions for summary judgment, "the standards upon which the Court evaluates the motions for summary judgment do not change." Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991). "[T]he court must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (quoting Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 62 n.4 (1st Cir. 1997)).

## IV. **STANDARD FOR REVIEW OF THE COMMISSIONER'S DETERMINATION**

The Commissioner ultimately held that Barrett was not entitled to waiver of recovery of an overpayment of $9,997.00 the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is "specific and narrow." Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g); Hunter v. Sullivan,

993 F.2d 31, 34 (4th Cir. 1992) (per curiam), superceded in non-relevant part by 20 C.F.R. § 404.1517(d)(2); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter, 993 F.2d at 34 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

The Commissioner has the duty "to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456 (citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)). The Court "do[es] not conduct a de novo review of the evidence" or of the Commissioner's findings. Schweiker, 795 F.2d at 345. In reviewing for substantial evidence, the Court "do[es] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Hays, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ . . . the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." Id. (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination.

7

Richardson, 402 U.S. at 401.

The issue before this Court, therefore, is not whether Barrett is entitled to waiver of repayment, but whether the Commissioner's finding that Barrett is not entitled to waiver of repayment is supported by substantial evidence and was reached based upon a correct application of the relevant law. See id.; Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) ("A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law.").

## V. ANALYSIS

The Social Security Regulations require the Secretary to recover an overpayment of Title II benefits from a beneficiary who is "at fault" in causing an overpayment, but the Secretary cannot recover an overpayment if: (1) the overpaid individual is without fault and (2) recovery would defeat the purpose of Title II of the Act, or be "against equity and good conscience." 20 C.F.R. § 404.506. When the Commissioner determines that a claimant is not without fault, he need not make a finding regarding whether recovery would defeat the purpose of the act or be inequitable. Garnett v. Sullivan, 905 F.2d 778, 782 (4th Cir. 1990). An individual is at fault if, among other things, the overpayment resulted from the "failure to furnish information which he knew or should have known to be material." 20 C.F.R. § 404.507(b). The claimant has the burden of proving that he was without fault in

causing an overpayment. See Anderson 914 F.2d at 122; Bray v. Bowen, 854 F.2d 685, 687 (5th Cir. 1988); Viehman v. Schweiker, 679 F.2d 223, 227 (11th Cir. 1982).

The ALJ found that Barrett knew or should have known that the change to his workers' compensation payment was material. (R. at 15.) Specifically, the ALJ found that "numerous notices . . . reminding the claimant to report any changes in his worker's [sic] compensation and detailing the effect of these changes on his Social Security benefit . . . made clear that any change in the claimant's worker's [sic] compensation would produce a change in his disability benefit." Id. The ALJ concluded that because Barrett was a long term beneficiary and not mentally unable to understand his responsibilities as a beneficiary, he must have known that he was required to submit the information. Id. Barrett does not dispute that he was aware of the materiality of his workers' compensation payment to his DIB benefits, but rather contends that he did, in fact, submit the information to Social Security as required. (R. at 144.) Based on the foregoing, this Court finds that the ALJ had substantial evidence to conclude that Barrett knew he was required to submit information about changes to his workers' compensation payments.

The ALJ found that Barrett did not report the change in his workers' compensation payment to Social Security. (R. At 15.) In determining whether the recipient of disability benefits is

9

"without fault" in accepting overpayments, the fact finder is solely responsible for making credibility decisions. The Fourth Circuit has held that: "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (citing Tyler v. Weinberger, 409 F.Supp. 776 (E.D. Va. 1976)). Barrett testified that it has always been his practice to contact Social Security anytime there were changes in his workers' compensation. (R. at 144.) Barrett testified that he personally visited the Social Security office in Portsmouth, Virginia to report the changes in his workers' compensation payments and relied upon their assurances that his DIB payments were correctly calculated. (R. at 144, 149.) He further testified that he had "always been honest with Social Security . . . they always assured me . . . they will figure out what they're supposed to pay you and I done [sic] my part and that's all I could do." (R. at 148.)

The ALJ found that although "[t]he claimant testified that his worker's compensation payments changed annually and he informed Social Security every time . . . the claimant provided no evidence of his reports and there is no evidence in the record that Mr. Barrett ever reported changes or returned Social Security payments he could presume were incorrect." (R. at 15.) The ALJ then summarily concluded that "Mr. Barrett failed to report information

he knew or should have known would have prevented the overpayment." (R. at 16.)

In the instant case, the ALJ makes no findings concerning Barrett's credibility. The only evidence Barrett presented was his own testimony and handwritten records prepared by Barrett in anticipation of the hearing. In such a situation, the ALJ's credibility determination is critical to the correctness of ultimate conclusions, since finding Barrett's testimony credible would likely satisfy the "without fault" prong of 20 C.F.R. § 404.506 and possibly entitle him to waiver of the overpayment. See Viehman, 679 F.2d at 228. Based on the administrative record, this Court is unable to determine whether the ALJ based his ultimate findings and conclusion on the limited nature of Barrett's evidence or found Barrett to be lacking in credibility. Thus, from the ALJ's decision, there is no way for this Court to evaluate what weight the ALJ gave to Barrett's testimony. Accordingly, this Court RECOMMENDS that the Commissioner's decision be VACATED and REMANDED to allow the ALJ to reevaluate whether Barrett was "without fault" under 20 C.F.R. § 404.506.

## VI. Conclusion

For the reasons discussed above, the Court FINDS that the ALJ's conclusion that Barrett knew or should have known that changes to his workers' compensation payments were material to his DIB payments is supported by substantial evidence. However, because

the ALJ did not make any finding regarding Barrett's credibility, the Court cannot evaluate whether the ALJ erred in finding that Barrett was not "without fault" as defined by 20 C.F.R. § 404.506. The ALJ's failure in this respect requires this Court to vacate the decision and remand the case to the Commissioner for reexamination consistent with the foregoing recommendation. If on remand the ALJ finds Barrett "without fault," it will then be necessary to apply the second tier of the waiver provision to determine whether repayment would "defeat the purpose" of the Social Security Act or would be "against equity and good conscience." Id.

## VII. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Defendant's Motion for Summary Judgment be DENIED, that Plaintiff's Motion for Summary Judgment be DENIED IN PART, but that the motion be GRANTED to the extent of vacating and remanding the Commissioner's decision, and that the matter be REMANDED to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

## VIII. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and

recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

                                          /s/ F. Bradford Stillman
                                          United States Magistrate Judge

Norfolk, Virginia
May 19, 2010

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Charlene A. Marring, Esq.
Montagna Klein Camden LLP
425 Monticello Avenue
Norfolk, Virginia 23510
Counsel for Plaintiff

SUSAN L. WATT,
~~Anita Henry~~, Esq.
Office of the United States Attorney
World Trade Center
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for Defendant

Fernando Galindo,
Clerk of Court

By: _[signature]_
Deputy Clerk

May 19, 2010

14